We will proceed to the final case of the day, Gray Media Group v. Heather Loveridge. We will hear from the Appellate's Counsel, Ms. Russell. I didn't see anybody jumping from the bench there. I was wondering what's going on here. All right. May it please the Court, my name is Lauren Russell. I'm here on behalf of Appellant Gray Media Group, here with my colleague, Caitlin Gurney. This appeal arises from a motion pursuant to the public right of access to court filings in a case that concerns a friendly fire incident. Transparency is important in every case, but here we... You want to get the videos of this matter, at least two of them. You went to the District Court, District Court says, I don't have jurisdiction because there's a pending interlocutory appeal by Loveridge to the Court of Appeals. That sounds correct. There's no longer a pending interlocutory appeal before the Court of Appeals. So, why can't you just ask the District Court, says you now have jurisdiction? Well, Your Honor, yes, so I would like to start with the Court's ruling denying the motion to intervene in the first instance. So, the WBTV's request was ultimately a motion to intervene for the limited... Now, the denial of the motion to intervene, the basis of that was... It's the, for the purpose of asking that the... I mean, the legal basis for denying it that the Court relied upon. It was for lack of subject matter jurisdiction. Because there was an interlocutory appeal here. That's right. There's no longer an interlocutory appeal here. That's right. And so... So, where are you starting? So, I am starting at the District Court's order that's on appeal. And so, Your Honor, I agree that there's not really a question right now if the District Court were to hear this motion. I expect that he would not have... In other words, you would agree the District Court now has jurisdiction. I agree, but I also assert that the Court had jurisdiction in the first instance. Did you file effectively two motions below, a motion to intervene and a motion to unseal? Yes, it was a motion to intervene for the purpose of... Limited purpose of asking that the video exhibits be unsealed. But the Court seemed to treat it as two separate motions. And the local rules provide that you don't have to intervene. This is Rule 6.1H. You don't have to intervene in order to move to unseal something. Naturally, it makes more sense to move to unseal things without intervening. Because if you intervene, you become a party. You don't want to be a party. You're not going to appear at trial. You don't want to argue summary judgment. You only want a motion to unseal. I agree. Yes. Okay, and so if you do that and not... Except for a minute that the District Court did lack jurisdiction to decide the motion to intervene. But that doesn't mean it lacked jurisdiction to decide the motion to unseal, which didn't require intervention to make because the local rules make clear you can just file the motion. Is that not the way to understand what the Court did? If the Court actually did lack jurisdiction to allow you to intervene while the appeal was pending. But that doesn't mean that it lacked jurisdiction to decide the motion to unseal. Your Honor, well, at bottom, ultimately, we really just want to exercise our right and ask that the Court unseal court records. And the procedural mechanism that we used was, I believe we cited Rule 6.1 as well. But, you know, I represent the press around the country in seeking access to court records and filings. And typically, the federal rules, what they provide is, you know, the right to intervene. Can you help me with that a little bit? Because I confess that doesn't make any sense to me. Because when I look at the intervention rules, I don't see how a good faith effort could ever be made by a media organization to, like, satisfy the rules. Right? Like, you don't share a, like, common issue of law or fact to be decided by the Court. It just is an odd fit. And if you are allowed to intervene, you are now a party. Which means, presumably, you've got to respond to every motion that's filed. If there's a trial, they've got to set up a table for you. Right? You're now a party to the litigation. That doesn't make sense. It's why it seems like to me the perfect mechanism is Rule 6.1H here, which is exactly what the district court allows, which is you can just file a motion to unseal improperly sealed records. That seems perfectly sensible. There's no reason for you to be a party to this litigation. I don't think you want to be a party to the litigation. Right? That's not what your job is. You're exactly right. And, Your Honor, and to that point, so the motion to intervene, I understand that's just the step that the courts have instructed, and we've understood under the federal rules is a first step that we must take. But at bottom, we are here because we want to exercise our right to request access to court records. Part of it is, part of it that we're dealing with, and Judge Richardson pointed out the nature of the two types of motion, the intervention motion and the unsealing, that's not what a district court dealt with. It just dealt with one motion and said, I don't have jurisdiction over it, which even if he did have jurisdiction, he just didn't acknowledge he had jurisdiction over the unsealing of it. My question is, is why not just go back to the district court and says, yes, you now have jurisdiction, or is that something we can just direct you now to go back? You've got jurisdiction, and we want the district court to evaluate whether this should be unsealed, whether you need a motion to intervene, even though I don't know if intervention ties you in so much, because you can't intervene for a limited purpose to some extent. I think you can. And maybe as a media group, you probably would love to be involved in a trial that would let you do that. That's probably not going to happen. That was where that was going, but Judge Berna has a question. I did want to point out that the district court did reach an alternative ruling saying that even if it had jurisdiction, it found no common law or First Amendment right to access the video exhibits. So is your position that you're appealing the alternative ruling as well, which I'm not sure we have, how we treat that at this point, given that you're not a party to the litigation? Yes, Your Honor. So I'll start with the motion to intervene issue, and Stone v. University of Maryland is a case that was before this court where it was slightly different in that the media intervenors moved in the Fourth Circuit to unseal the record on appeal, and before the proposed intervenors' motion was decided, the court actually had already remanded the case. So similar to this case, but this court actually stated that the right of access to judicial records and documents is independent to the disposition of the merits of the case, and that's actually been relied on. This court has not seen this particular issue of the district court denying a motion to intervene for the limited purpose of seeking to unseal records, but other circuits have looked to Stone and actually relied on it in deciding motions to intervene for the purpose of unsealing when there was an appeal on the merits pending. Well, it seems as though you go, I mean, the basis of a motion to unseal, it seems like you ought to have some involvement in the trial. I can see why the intervention comes up, because you're basically saying I belong here, and I want to say unseal, other than I didn't walk off the street. Anybody could just walk off the streets of here. I want you to unseal this motion, unseal this right now. So I'm beginning to see a reason why you have an intervention in it, because it establishes some basis for you to file a motion to unseal. But the ultimate question that does exist is even with that, if the motion is denied by the court, then that, too, is that interlocutory? Because you're not a party to it. It didn't allow you to be there. So how do we get it? It's strange to me, because you've got this animal out here, the motion to unseal, which the media has done. There's special laws that are dealing with that. Go in, says, I want you to unseal the record. No. Appeal. And then, but you're not part of the case, so that's not interlocutory, I guess, in that sense. But it is, because that's the case, and it's not a resolution of anything, but it is a final judgment for you. Right, that's right. What about mandamus? Yes, yes, Your Honor. Which someone has written on this court about. Is there an applicability here? Yes, there is an applicability. Yes. So, yes, Judge Richardson has written about the option of mandamus, where the question is concerning a motion to unseal. Like the news outlets, no matter what the status is on standing on, there is, well, there's the option of non-party appellate standing, which is if the non-party possessed an interest in the cause litigated before district court. But it needed to actively have participated in the litigation below. Isn't that right? Yes, Your Honor. And we participated as much as we could as a non-party. We moved to intervene as soon as we became aware of the court filings under seal and asked that they be unsealed. And we are as privy to the record as we can be, given that the records are under seal. And so I, and this, our position, our standing under non-party appellate standing is akin to that in company doe. But ultimately, though, the court need not dwell on that because of, in Oberg, the court said, actually, a petition for mandamus is even a preferred mechanism to consider a public right of access to court records. So, and to address Judge Berger's suggestion, ultimately, we are here and hope to have these records unsealed as promptly as possible. And this court has stated before that each passing day may constitute a new and cognizable infringement, where the public is denied access to ongoing court records and proceedings. What is the remedy you want us to offer here today? I mean, it's, I know ultimately you'd like to go and, as I say, go get the videos and show them to you. But there's a trial judge involved in here, and the record is really, really, I mean, it's just not as complete as we want. I really don't like the word mandamus for trial judge. And I'm just wondering, at the end of the day, what is it you want? And is it that you would, would you be amenable to a remand to the trial judge to consider these motions, including the unseal, in light of the case law that exists on how one goes about to determine whether or not a record should be unsealed, as opposed to us just on this back and forth trying to figure out should you get this? Sort of playing trial judge, in my opinion. But do you see where I'm going? A simple remand, does that not give you some measure of relief here? Your Honor, I would ask that you remand with instructions that the court order the court records be unsealed. The record. I just want to check to make sure you're being clear. You said the court records. There's like a ton of stuff that's under seal here. When you say court records there, you're only referring to the records that you sought to be unsealed below. That is the videos. That's right. The video exhibits. There are other things that you have not sought to be unsealed, and we would not be addressing in any sense in this case. That's right. But the record as to the video exhibits is complete. We moved to unseal, which then Loveridge responded, and it was her burden to demonstrate that the First Amendment right of access, the presumption, had been overcome. She did so, and to do so she must assert a compelling government interest and that sealing is necessary. She did here. She asserted such an interest in a fair trial and provided argument to the district court. And presumably your position is if she's got something new now, it's too late, right? That that was the opportunity she had, and so to remand it would be to tell the parties that they just get another bite at the apple. They had an opportunity to assert their interest, and that interest either rises or falls. That's exactly right, yes. She conclusively asserted her fair right to trial would be prejudiced, but ultimately this court has found and the Supreme Court has found that voir dire is the preferable mechanism to protect against fair trial concerns when it's being weighed against the First Amendment right of access to court records. I understand this is an impossible question for you, but it's similarly impossible for me, so I'm going to ask you. So when I look at the record below, the various filings that are made by the parties here, they describe these videos in like a fair bit of detail, right? They talk about the various angles in the record. The unsealed record includes screenshots from the same videos that are under seal. From your perspective, having not seen the videos, I understand it's hard. What is it that you're interested in seeing that's not already been revealed by the descriptions and the screenshots that are in the public record? What are you looking for, which is another way of saying what are they trying to hide? Your Honor, and I'll briefly address this. So the contents of the video have been hotly contested, and the core issue here is did Officer Loveridge know that Officer Belton was an officer when she shot him? And here we have descriptions of the videos. We have screenshots, but it's up to the public. They have a right to see for themselves exactly what happened that day. And I would proffer that because there's so much already in the public court record that Loveridge doesn't have a great basis for asserting that her right to fair trial would be prejudiced by additional information. All right. Thank you, Your Honor. All right. Thank you. Mr. Bader, we'll hear from you. Good morning, and may it please the Court. Stephen Bader from Cranfield, Sumner, and Raleigh here on behalf of the appellee, Heather Loveridge. I want to start with the mandamus issue, and I want to correct something in my brief related to the Seattle Times versus Reinhardt decision. And to do that, I kind of want to set the stage with these four videos. Well, make sure we don't talk about the same thing. As Judge Richardson pointed out, two motions, motion to intervene, motion to unseal. Judge Burnham pointed out there's an alternative reasoning here. One is that no jurisdiction, subject matter jurisdiction on the intervention. We probably can all agree to that, at least while that was appealing, being appealed. On the unsealing, that's the problematic part of this now. And it seems to me, as Judge Richardson alluded to, is that maybe we can make this decision ourselves and say just do this. Or we could remand. Maybe you don't, you see another alternative is simply just to affirm what he did below. That may be where you're going, but I'm just setting this up so you see kind of where it looks like the positions are with instructions to the district court. Because he may not have considered things like the public interest. He may not have considered it in proper purpose. He may not have looked at the fair trial weight or the less restrictive alternatives here. And while we could do it, I'm not sure this record allows us to. We can do what we could. I should say it. I'm not sure we should under this record. Alternatively, it could be your position that we just affirm as denial, and I assume that's where you're going with this. There's a lot of procedural machinations here. So I'll work through a couple and then try to address the comment or my mistake in the brief, rather. I think what this court can do is any number of things. I think number one, you could affirm and say there was no jurisdiction to deal with the motion at the time it was filed. You could affirm on that ground. You could then deny. You could treat this appeal as a petition for writ of mandamus and deny the petition. I don't believe that that outcome would preclude gray media from going back to the district court now that it has jurisdiction. In your world, the basis for denying the petition for mandamus on the motion to unseal would be what? That the First Amendment doesn't apply? Or that the arguments you made that were adopted by the district court suffice to establish a compelling interest and sufficient tailoring to warrant the sealing? I think the latter is one argument. Are you making both arguments? As you're standing here today, do you think the First Amendment right of access fails to apply to the videos? I think it likely applies. I think the question is whether mandamus is the avenue to get it at this juncture. And that's where I want to get to my error with Seattle Times. These four videos were held by the North Carolina State Bureau of Investigation. These were not videos that were held by the parties. And that's important because for the parties to get these videos, they had to get a consent protective order that was issued by a North Carolina superior court. My error in discussing Reinhart is that that protective order wouldn't implicate the First Amendment. I think that that's correct. That probably does not carry to the summary judgment filings. And so to the extent my brief misstates that and my friend has pointed that out, I want to make sure that I'm clear in correcting that error. However, in Oberg, the petition for, to carry the burden of mandamus, the party must show first it has no other adequate means to attain the relief it desires. I want to focus on that for a minute because these videos and what's cited in the briefing were produced pursuant to North Carolina General Statute 132-1.4a. That is a statute that governs custodial law enforcement agency recordings in the state of North Carolina. Okay, wait a minute. Just so I understand where this argument is going, you're saying that First Amendment protected court filings cannot be unsealed if you could get them somewhere else unrelated to the court proceeding. So in other words, when you put it in play by attaching it to a summary judgment motion, you can avoid unsealing that because there's some statutory mechanism by which it could, in theory, be obtained from somebody else. Not exactly. Not exactly. I'm saying that in treating this petition as a petition for writ of mandamus, the first criteria the gray media needs to satisfy is that they can't get this information anywhere else. Wait, wait. Is that what mandamus says? Please give me the case that says that the first part of mandamus is that they can't get the information from somewhere else, as opposed to they can't seek relief in any other way. The relief that's being referred to is the action taken by the district court, the refusal to unseal. It's not relief in the meta sense that whether they can go get them by FOIA or something. Mandamus doesn't require the inability to get some relief through some other means. The relief relates to the district court's decision. I've never heard of mandamus suggesting that we were going to seek mandamus to the district court and that it is not permitted because in some other way outside of the action, you could through a backdoor get indirect relief from what the district court did. Well, I don't think it's getting it through a backdoor. I mean, this is a – these videos are not – It will not be getting the filings in the court. What you're saying is they cannot get the filings in the court. They can go to somebody else and get what they might presume are the filings in the court, but they can't actually get them from the court. Is this an argument that was made in your brief or is this a new argument? This is – I think probably the most fair answer is no, other than we did cite the statute and that the statute is what dictated the release of these particular videos. But I think the point is if the relief that is sought here is the release of these four videos and those four videos were given to the parties to this case via a protective order, this isn't the only mechanism available for – But the point being here really is that this is a non-party and mandamus is a means by which on the Uber you could get this. But as Judge Richardson, I think he's alluding to the fact that that's a pretty limited determination. It's Article III standing and it's Rule 21A compliance, which they seem to meet that here, which is Rule 21A is simply dealing with filing, servicing, docketing, and that sort of thing. So, I mean, that's different, and I don't know if that additional requirement you've added in there is anywhere I see in the mandamus, at least from a procedural perspective. Well, then I think the court can look at it like this. I mean, if the court believes that in fact gray media has no other adequate means, then the question becomes the restrictions or the determinations made by the district court that Ms. Lovett They have another adequate – what is the other adequate means they have to obtain the filings in this case that are under seal? As a non-party. What other means do they have to get the filings? To obtain the filings themselves, there would not be any other means. I would agree with that. To obtain the video, which I think is what the initial argument has been, there are other means. As a non-party. Right. There's at least two. They can petition the superior court via the mechanism that the General Assembly has set up for custodians to release these records, or given that this case is now back to the district court, they could file a motion to unseal there. And neither of those arguments were made in your brief in response to the request for mandamus. Well, the second argument didn't exist at the time because at that point the merits case was still up before this court, and so the jurisdiction issue was still – But the argument that they could seek these videos in another – Right. Can you take me to the arguments made below? As I understand it, when I look at the filings in response to the motion to unseal, I understand the motion to intervene piece, but the motion to unseal, it's a single sentence that says the publicizing the video exhibits would impair the ability to receive a fair trial before an impartial jury. There's no explanation of that. And I take Judge Wynn's point perhaps to be that we should send it back to the district court judge so that you could get a second bite at explaining what you could possibly mean by that, given all of the discussions about what's in these videos that already exist in the public sphere. Is there anywhere else that you've tried to explain why this additional information, the actual videos themselves, would impair the trial rights? I mean, you make the conclusory statement here. In the brief, you say the same thing. It would impair the trial rights. That can't be sufficient, right? So do you have something that you think you haven't argued before that you should be entitled to argue on remand as to why that's true? Well, I would say this. That's been the argument that's been advanced. That's what the district court also concluded. Well, that's the conclusion. There's not actually an argument about it, right? The conclusion you've given is it would impair the fair trial right. There's no argument about it, right? I actually have no idea why you think it would impair the fair trial right because all I have is the conclusion. And so what I'm asking is, are there arguments about that that you haven't made yet that you think you should be able to make in sort of a remand posture? Well, I think the practical piece of the remand posture is the fact that this case is now back before the district court and is, again, headed towards trial. It's currently set for trial on June 16th, so next month already. Now, to be clear whether it gets tried or not, I don't know, but that's when it's set. And so if this matter is remanded to the district court. Is that realistic given the order of this court? I don't know the answer to that. I only know the setting. I know that's the setting on my calendar. And at the district court right now is reconsidering or is taking briefing on, you know, what the clearly established right would be in reviewing that qualified immunity issue. I don't know. It just seems like we're making a complicated matter out of something that can probably be resolved at the district court level under the local rule 6.1H, which deals with non-party type motions of this sort. Because when you say the district court made an alternate determination, it surely did not comply with the case law that says that he ought to evaluate the public interest in it, whether there was an improper purpose here, whether the fair right of trial is being implicated, whether there's alternative means. Those are things district courts do. And it just seems at the end of the day we could bounce this thing around and say mandamus and go and do these things and do it ourselves. But I think what we're here to do is determine this is not about the trial itself, by the way. This has nothing to do with Officer Belton getting shot and all of the other stuff. This is about public access to a video for which it does not appear to me from the record that the district court made a full determination of whether this should be properly unsealed. We're here in a situation because we're dealing with a non-party situation. What the motion that intervened would have been would have made it a party so that we can then deal with this stuff. But we're still dealing with non-party who's trying to do these things. And, you know, we do have the North Carolina statutes in terms of what's here. There's a difference between unsealing and releasing. All they're seeking to do is unseal, not release. That's a different type of statute you're dealing with there. But would you be disagreeable to sending it back to the district court to properly evaluate in light of our case law, the Charlotte case that deals with the night media, the whole bit, and make that determination of whether this should be sealed, unsealed, not released, unsealed? No. I mean, that was our final argument is if this court is inclined to believe the mandamus relief is available, then the relief and it's discussed in Stone, it's discussed in Rushford. You know, you guys could get together when this is over and decide why don't we go back and see if we can't do this. I mean, other than the jurisdictional aspect of it. But the basis of that is no longer there. You know, we don't often say you can just go back and handle something. But it really does seem like this could be handled without making a major case out of a major issue, out of a case that it really has a major issue in it. This is not it. This is dealing with the collateral issues of whether the public has a right to these unsealed records. And there's a way in which the district court has to go through and make those kind of determinations. I don't see it here to do that. But it may well exist. And at some point you may agree to do it or not agree to it. But there's a bigger case here that's going to be dealt with than the unsealing of this record. I certainly agree with that. And I guess I would just say that was the last point we made in our brief, which is that. I thought, well, at least the first argument you said is the district court actually did this, right? Because the district court found that unsealing the video exhibits would impede Loveridge's ability to receive a fair trial before an impartial jury. This qualified First Amendment right is overcome, right? And so it requires that they remain sealed. I mean, it's done the very balancing, right? This is a compelling interest. He says Loveridge's right to a fair trial is a compelling interest that outweighs the media and plaintiffs' First Amendment and common law interest in unsealing the video exhibits. See stone. I mean, it's done it. I mean, it didn't give us any facts or it didn't provide any reasons. It's just a series of conclusions. But it says that it's done it. And so it's a little odd for us to say, yeah, just go do it again because you didn't do it very well. I think really that's an alternate argument. That's the last argument we made. What about the point that he applied the wrong burden of proof? I don't believe that he did apply the wrong burden. It does appear to be that way. The case law places it in a different position on this. I'm not sure the articulation of what those factors that would support the public interest in disclosure is as clear. And Judge Richardson has articulated them quite well, but I think he's articulated them much better than the district court did, which either way, at the end of the day, either we do it or we send it back. And I don't know if it's a second bite. I don't know what you're biting on because you've got to denial the bite would come from the other side or not. I don't think it's something we ought to be tied up too much in. If we can get a jurist to make a determination in light of this, then either he unseals it or not. It comes to maybe a judicial economy, as Judge Richardson says. Maybe we should do it. But that's something upon looking around. I'm not saying I made up my mind or any of the others made a mind on it. I'm just saying that's something we're reflecting on here. But there does seem to be a way to handle this without, you know, this court having too much to do. And I agree, and that's why that was the last argument that we made. Can I ask you a merits question about the right to a fair trial, which doesn't seem to have been really addressed below other than the conclusory statement that was made? I do question why Vaudeer wouldn't resolve the concerns about the right to the fair trial. I think the best I can answer that question is that the district court was not persuaded that it would, to such a degree that it addressed it. I apologize. What is the it in that sentence? I just didn't hear the question. I'm sorry. The question I, well, you can go ahead. What Judge Byrne was asking about was Vaudeer, whether that would.  All right. I'm sorry. And all I can, I think the best I can answer that question is that the district court's finding of the compelling interest did not find that that was an appropriate lesser restraint. To be fair, it didn't address it one way or the other. I'm reluctant to get in the district court's head and try to decide why he did it that way. I would just say from a very practical standpoint, you know, I think my friend has sort of outlined at least one of the issues in this case, which is whether Officer Loveridge, who is a uniformed officer that was standing outside of this garage, could identify a plainclothes officer as an officer after a shooting melee erupted and he's coming back out of the garage. Describing it, and even hearing myself describe it, is not the same thing as actually seeing what is depicted on those videos. And so if the district court, in its gatekeeping function, believes that that's going to impair Loveridge's right to a fair trial, that would be an appropriate determination left to the district court. And if the district court believes that Vaudeer and asking people, or potential jurors, whether they've seen it is not adequate, that would again be a determination, at least from our standpoint, that would be best left to the district court. Well, it just seems to me that in every police shooting case where there's video evidence, there would be a request from the police to seal the video so it wouldn't become public. And that if this were the rule, then video from police shooting cases would always be under seal. Well, and I'm not sure this will be responsive to your thought process, Judge, but I'm not arguing for a blanket rule. I'm just simply stating that what happened in this case is the parties followed North Carolina law as far as getting these records released from the custodian. There was a protective order that was put in place, and they then filed under seal. That's what happened here. The only argument that was made, or the only assertion that was made, is that releasing the video would somehow interfere with the right to a fair trial, with no argument really in addition to that. And so, in essence, your client is asking for a blanket rule. I guess I disagree with that in the sense that we're just really responding to the request here. I mean, I think fundamentally, and it's reflected in this court's opinion in the underlying case, I mean, the issue here is going to be whether, you know, what rights Officer Belton in plain clothes had as he was trying to scurry out from this melee and whether he could have been identified. Certainly, I could articulate a potential here that people watching that video, potential jurors watching that video, are going to look at that and say, yeah, I could see it, or from this vantage point, I could see it, and that could prejudice my client's ability to get a fair trial on the issues. What I would ask in conclusion is . . . This is just a question of clarification insofar as it's actually about the burden of proof. Is it the burden on the media to show that there would be a monumental public interest in it, or is the burden on you to show that there is no such thing as a public interest in the video exhibits, that the public interest? Who has that burden? If it's a First Amendment right, it is my burden as the party resisting the motion to unseal to show that that compelling interest would outweigh. And that's what the district . . . So when the district court says that the TV, the media, has not shown why at this late date there would be such a monumental public interest in the video exhibits, why is he not putting the burden incorrectly on the media? I'd have to look back through the order, but I believe later on what the district court order reflects is that Loveridge has demonstrated a compelling interest that would outweigh WBTV's request to unseal. I agree. It's describing the nature of their interest, right? Right. The balancing would look different if they had a super high public interest, right? He does the balancing in part based on the suggestion that the public's interest isn't, like, super high. Right. I'm only speaking to the burden of proof. And when you say the TV station has not shown why at this late date there is such an interest, I don't know what the balancing is. That's a pretty straightforward statement. Again, going to how do we view what the trial judge did? And it doesn't mean it's the end of the case. I mean, if we want to push it to make this the end, we could. But, you know, I don't know if it has to be a monumental public interest, first of all, because the public has a right. It's a right period. So I don't know if it has to be a monumental public interest in even that. You know, it was all done in a single motion, and basically with the subject matter, jurisdiction matter being sort of overshadowing, then this alternative thing that now has become the focus of things here, and there's just a lot packed into this case. And, again, I say I think this can be resolved without us having to write up something on it. But we'll see. I appreciate this court's dialogue this morning. I'm well over. I think there's a lot of different ways the court can handle this. And on behalf of Ms. Loveridge, we appreciate the court's time. Thank you. Thank you, Mr. Bideau. Ms. Russell, you have a few minutes. Thank you. So WBTV filed its motion in district court 14 months ago, and we are still waiting to have access to these video exhibits. My opponent's argument is really just at bottom, arguments for further delay on procedural basis. But this court has said before that each passing day that the public is not allowed access to court records, that it is entitled to access and is an additional infringement. Here we have a complete record on the arguments from the court below, and this court has full discretion to review the decision de novo and determine whether the conclusory assertion of a right-to-pair trial can overcome a First Amendment presumption of right of access to these video exhibits. Do you agree that there is at least the possibility of a case where the right-of-fair trial would overcome the First Amendment right of access to a given video? Yes. But I assume you don't agree that there's like a categorical rule in any high-profile matter that the right-of-the-fair trial necessarily overcomes it. That's right.  That is essentially what my opponent asked for, a categorical rule that these videos, like of this nature, should be under seal. What do you say in response to the potential argument, maybe one that hadn't been made precisely, but is that the district court judge has seen these videos. I have not seen these videos. They weren't filed in this case. You couldn't file them because you don't have them, and your colleague did not file them under seal. But the district court has seen the videos, and so that we ought to give deference to the sort of judgment that's being made that these must be really bad. The district court doesn't say this exactly, but they must be really bad if the right-to-fair trial overcomes the First Amendment here. Well, I do not believe that you need to look at the videos because it's plaintiff's burden to demonstrate that there is something special about these videos. This is one of those unusual circumstances where sealing is necessary, and my leverage has not done that. And ultimately, there is significant public interest in these videos. That's not something that needs to be weighed, but here we have law enforcement officers where there was a horrible accident on the job resulting in work that resulted in one of them being shot many times, and these law enforcement officers are subject to public scrutiny. So we have not only the interest in making sure that we can monitor our court dockets. The public has that interest, but they also have that additional interest in knowing exactly what happened that day and seeing for themselves directly what happened that day. And I do want to touch on the procedural questions, and so I believe that the court below misread Company Doe on denying the motion to intervene because there is the collateral rule exception where when a motion is filed and it has no bearing on the merits, the court can still decide that case. And in Company Doe, the issue was not collateral. There the district court had not rolled on a motion to intervene. The proposed interveners appealed the constructive denial, and then at that point the district court denied the motion to intervene. So, yes, that was two courts. Ruth, can you address FTC versus Lynn, which is the later Fourth Circuit case that sort of, you might say, also misconstrues Company Doe in the same way and applies this bar on deciding motions to intervene when an appeal takes place in a more categorical way? Well, Your Honor, I don't think it's necessarily fair to fully address that because it was not a motion to intervene for the limited purpose of seeking to unseal. It was an intervener who truly wanted to be involved in the case for a longer time. I get that the court could have adopted a narrower rule, but it seems to just say categorically, citing to Company Doe, that if it's an appeal, the motion to intervene is lacking. I'm not saying that that's the right reading of Company Doe, but it does seem to be our precedent, and you were with us early. We have a tendency here to follow our precedent sort of no matter what. Your Honor, and I believe I'll run out of time, but I'll address this briefly.  So I would— You take as much time as Judge Richardson needs you to answer that question. Great. I need lots to understand. Maybe not that much. Well, Your Honor, if that is how this court wants to interpret FTC versus Lynn, then I would ask that you make an exception to that rule that court's holding and say that when it's a motion to intervene for the limited purpose of seeking unsealing, then the court may address that. And I just want to also add that not every court has a local rule like Rule 6.1. And I frankly—and it is awkward to be an intervener or just a non-party trying to figure out how to ask the court to unseal records. And how we get on the docket for the most part to even be permitted to file is by filing as a proposed intervener. So I realize that it's procedurally a little complicated, but I hope that Your Honors may consider the motion to seal in reverse and remand with instructions that the video exhibits be unsealed immediately. All right. We thank both of you for your arguments. I'll ask the clerk to adjourn court for the day.
judges: James Andrew Wynn, Julius N. Richardson, Nicole G. Berner